IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JOHNSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>    Defendant. ) | Case No. CIV-20-1081-SM |

## MEMORANDUM OPINION AND ORDER

Christopher Johnson (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(c). Docs. 20, 21.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred when he "considered the medical opinions" of two physicians. Doc. 22, at 3. After a careful review of the record, the parties' briefs, and the relevant authority, the court reverses the Commissioner's decision

finding the ALJ failed to make it clear the portions of the record with which he found the opinions inconsistent. *See* 42 U.S.C. § 405(g).[1]

## I.     Administrative determination.

### A.     Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [his] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.     Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to

---

[1]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record (AR) will refer to its original pagination.

show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 14-34; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since November 13, 2018, the application date and the amended onset date;

(2) had the severe impairments of depressive and anxiety disorder, obesity, asthma, and seizures;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC [residual functional capacity][2] for sedentary exertion work, with additional restrictions;

(5) could not perform any past relevant work;

(6) could perform jobs that exist in significant numbers in the national economy, such as document specialist, table worker, and bench hand; and so,

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

    (7)    had not been under a disability as defined by the Social Security Act since November 13, 2018.

AR 12-21.

### 2. Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision here. *Id.* at 1-6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance" and means "only" "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax*, 489 F.3d at 1084; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

**B.     Issue for judicial review.**

Plaintiff argues the ALJ did not adequately explain why he rejected two opinions from a consultative examiner and a treating physician, relying on *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004). The Court agrees the ALJ's terse rejection of these opinions requires remand.

## III.   The ALJ failed to specifically highlight the inconsistencies in the record when discounting certain physicians' opinions.

The ALJ found as to Dr. Kara Rodgers's opinion:

> The claimant underwent a consultative examination on February 11, 2019, with Kara Rodgers, Psy.D. Mr. Johnson stated that he has been arrested, a few times, for DUI (twice), public intoxication and fighting. He denied any current alcohol use, but endorsed drinking heavily as a teenager. He denied any history of drug abuse; however, he used marijuana regularly and had a medical card. His eye contact was good and he ambulated with no evident difficulties. He evidenced no psychomotor agitation or retardation. His grooming and hygiene were average. He was casually dressed. His mental status exam was somewhat remarkable in that he was not quite oriented, being unable to give the date, although he was able to give the month and year. He also incorrectly gave the name of the city. He identified common objects, accurately added three single digits, followed a 3-stage command, demonstrated good working memory, was able to abstractly reason and had good social judgment. The claimant evidenced the ability to tract the course and flow of the exam, concentrate, focus and display an adequate fund of knowledge. In summary, he endorsed multiple symptoms of depression, which seemed to be severe in nature. He also struggled with severe anxiety, including panic attacks. He seemed to have significant difficulty coping with his symptoms and very little motivation and drive due to his depression. He would not likely be able to cope with his symptoms in a work environment, and his anxiety would most definitely be exacerbated around others. He may also have a learning disability or function from limited intellectual abilities, which could affect his ability to

> understand, remember and follow through with tasks. Provisional diagnoses were major depressive disorder, severe and panic disorder. Unspecified personality disorder should be ruled out (Exhibit 6F). *The opinion was not persuasive because it was not expressed in vocationally relevant terms. Moreover, the opinion was inconsistent with the overall medical evidence. Specifically, the mental status examinations were generally within normal limits. During the routine follow up examination on November 18, 2019,* his speech was coherent and his language was soft. His thought processes and associations were normal. He did not have any hallucinations or delusions. He was oriented times three. His attention and concentration were engaging. His fund of knowledge was intact. He was calm and cooperative (Exhibit 11F, page 4).

AR 16-17 (emphasis added), 473-75.

Plaintiff argues the Commissioner's arguments cannot support findings the ALJ did not make. Doc. 24, at 2. The ALJ selected one treatment record and referred to other mental status examinations. AR 17. The November 18, 2019 record (prepared by Dr. Ardis), while labeled a "routine follow up," *id.* at 581, indicated worsening fatigue, depression, noted Plaintiff's established anxiety, and increased a prescription for Abilify. *Id.* at 583.

While the opinion "was not expressed in vocationally relevant terms," it expressed certain limiting factors, although not quantified. *Id.* at 17. While the ALJ correctly noted the recommended limiting factors, the Commissioner's proposed reasons to reject the vocational opinion were not those the ALJ offered. *See* Doc. 23, at 10-11; *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (noting that where an ALJ "did not provide" the Commissioner's

proffered explanations, the court "may not create or adopt" such "post-hoc rationalizations to support the ALJ's decision").

As to Dr. Janita Ardis's opinion, the ALJ found:

> On August 30, 2019, Janita Ardis, M.D., noted the claimant experienced mood disorder. Dr. Ardis opined the claimant had extreme limitations on his ability to carry out detailed instructions. The claimant had marked limitations in his ability to make judgments on simple work related decisions and understand and remember detailed instructions. The claimant had moderate limitations in his ability to understand, remember and carry out short, simple instructions. The claimant had extreme limitations in his ability to respond appropriately to changes in a routine work setting and work pressure in a usual work setting. The claimant had marked limitations in his ability to interact appropriately with the public, supervisors and coworkers. The claimant was unable to manage his benefits in his/her own benefits [sic] (Exhibit 9F). *The opinion was not persuasive because it was inconsistent with the overall medical record. As previously noted, the claimant had a routine follow up examination on November 18, 2019,* with complaints of depression and fatigue. His speech was coherent and his language was soft. His thought processes and associations were normal. He did not have any hallucinations or delusions. He was oriented times three. His attention and concentration were engaging. His fund of knowledge was intact. He was calm and cooperative (Exhibit 11F, page 4).

AR 18 (emphasis added), 563-64.

The ALJ relied on the overall record and the November 18, 2019 follow-up examination in his finding the opinion not persuasive. In support, the Commissioner argues the ALJ's analysis need not "separately cite and discuss each" piece of conflicting evidence, "[b]ecause all of the other treatment records

document similar findings" to the November 18, 2019 examination. Doc. 23, at 7 (citing *Howard v. Barnhart,* 379 F.3d at 945, 947 (10th Cir. 2004)).

In *Howard*, the court noted that "none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform light work," so "the need for express analysis is weakened." 379 F.3d at 947. Here, the RFC gave a variety of nonexertional restrictions, but Dr. Ardis's opinion also gives extreme limitations on Plaintiff's ability to respond to changes in a work setting and marked limitations on his ability to interact appropriately with supervisors/coworkers. AR 18. These are not included in the RFC, and the ALJ did not give a more specific explanation as to why. And the ALJ did not discuss all the relevant mental health medical evidence in "some detail" as in *Howard*. 379 F.3d at 947. The ALJ's lack of explanation renders the ALJ's proffered rationales legally insufficient. *Hamlin*, 365 F.3d at 1217 (noting that the ALJ's rejection of a doctor's opinion as "inconsistent with the overall case record," was insufficient because the ALJ did not "specifically highlight those portions of the record with which [the physician's] opinion was allegedly inconsistent").[3]

---

[3]  The Court also notes the ALJ's consideration of Plaintiff's mental impairments, which he reviewed when assessing whether Plaintiff's impairments met the criteria of listings 12.04 and 12.06. AR 14. He found that, while Plaintiff had normal "thought processes and associations," there were mild limitations to his "understanding, remembering, [and] applying information," relying on Dr. Ardis's November 18, 2019 examination record and Dr. Rodgers's opinion. *Id.* He also found Plaintiff had a moderate

8

## IV. Conclusion.

Based on the above, the Court reverses and remands the Commissioner's decision.

**ENTERED** this 3rd day of September, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

limitation in interacting with others, relying on his testimony. *Id.* The ALJ determined Plaintiff had a moderate limitation in "concentrating, persisting, or maintaining pace," again relying on the November 18, 2019 record. *Id.* Finally, the ALJ found the record showed a mild limitation in "adapting or managing oneself." *Id.* That the ALJ relied on these opinions to bolster his conclusions provides no helpful evidence that would support his lack of explanation under *Hamlin*.